IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ) | |
| **IN RE: PHILIPS RECALLED CPAP,** ) | |
| **BI-LEVEL PAP, AND MECHANICAL** ) | |
| **VENTILATOR PRODUCTS** ) | Master Docket: Misc. No. 21-1230 |
| **LITIGATION** ) | |
| ) | |
| ) | MDL No. 3014 |
| This Document Relates to: ) | |
| ) | |
| *78 Cases listed in the accompanying order* ) | |
| ) | |

**MEMORANDUM OPINION**

I.      Introduction

Pending before the court is a motion (ECF No. 3499), with brief in support (ECF No.

3500), filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips

North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding

Corporation (collectively, "Philips").  Philips seeks dismissal with prejudice of 79 cases (listed in

an exhibit to its brief, ECF No. 3500-2) for failure to comply with the deadlines in the Docket

Management Order ("DMO") (ECF No. 2769) and June 13, 2025 show cause order (ECF No.

3376).  Philips' motion to dismiss was filed on the docket at each affected case.  On September

5, 2025, the court entered an order at each affected case instructing plaintiffs to respond to

Philips' motion by September 26, 2025.  No responses were received from the Litigating

Plaintiffs at issue in this opinion and the accompanying order.[1]  The motion is ripe for decision.

---

[1] Litigating Plaintiff Reginald Langford filed the only response to the motion (Civ. No. 23-540, ECF No. 21), and his case will be addressed in a separate opinion.

II.      Procedural History

The United States District Court for the Western District of Pennsylvania is managing

coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. §

1407.    The MDL arose from Philips' 2021 recall of certain CPAP devices.  The court approved

class action settlements of economic loss and medical monitoring claims.  On May 9, 2024,

Philips and many of the plaintiffs entered into private settlement agreements to resolve personal

injury claims (ECF No. 2768).  The deadlines for participating in the personal injury settlements

expired.  The existence of a qualifying injury (or lack thereof) for the settlement does not affect

the duties of a Litigating Plaintiff under the DMO.

On May 9, 2024, the Court entered the DMO (ECF 2769), which set deadlines for all

personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in

the settlement of personal injury claims).  On February 28, 2025, Philips filed a Notice at each

individual case, to reiterate that the DMO deadlines applied to all Litigating Plaintiffs.  As set

forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff fails to comply with the DMO, that case is

subject to dismissal with prejudice.  Philips reports that the plaintiffs at issue in the pending

motion did nothing in response to the DMO.

On June 10, 2025, Philips filed a motion (ECF No. 3368) for the court to enter a "show

cause" order for each nonresponsive Litigating Plaintiff to explain why their case should not be

dismissed with prejudice for failure to comply with the DMO deadlines.  The court granted

Philips' motion and entered the show cause order (ECF No. 3376).  The show cause order was

also entered at the individual docket of each affected case.  That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall,
>
> no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this

Order and provide proof of having done so to the Court, or (2) file a response

demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the

Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal

of the relevant Plaintiff's claims with prejudice.

*Id.* Philips reports that the plaintiffs at issue in the pending motion did nothing in response to the

show cause order.

On September 2, 2025, Philips filed the pending motion to dismiss.  The plaintiffs at

issue in this opinion and order did not respond to the motion to dismiss.


III.     Discussion

The pending motion involves "do nothing" Plaintiffs who were participants in the MDL

as of the January 31, 2025 Registration Deadline for participation in the personal injury

settlement.  (ECF No. 3500 at 1).  Philips seeks dismissal of these cases with prejudice.  With

respect to the DMO and show cause orders, Philips reports that these plaintiffs took "no action

whatsoever," *id.*, i.e., they did not provide any of the required information and did not articulate

any explanation or good cause for their failures to comply with those orders.

The deadlines in the DMO were designed to create an efficient process for all litigants.

There was no surprise because the DMO was issued more than a year ago, on May 9, 2024 (ECF

No. 2769).  A reminder to each Litigating Plaintiff was docketed in their individual case on

February 28, 2025.  The Litigating Plaintiffs, therefore, were on notice of their duties, among

other things, to complete a plaintiff fact sheet, provide authorizations for medical records and

obtain an expert report.  Much of the information required by the DMO concerns only the

Litigating Plaintiffs' own claims and is not dependent on access to forms or discovery directed to other parties.

The Litigating Plaintiffs at issue in this opinion and order did not explain why they were unable to comply with the DMO deadlines or the "show cause" deadlines, did not ask the court for an extension of time to gather the required information and did not articulate any steps they took to attempt diligently to comply with the deadlines.

The court issued the "show cause" order contemplated by ¶ 21 of the DMO on June 13, 2025 (ECF No. 17). The Litigating Plaintiffs now at issue failed to show cause or cure the deficiencies or to demonstrate good cause for those failures, despite the passage of several more months. As set forth in DMO ¶ 20 and 21 and the show cause orders, their complaints are subject to dismissal with prejudice. They had three opportunities to address the failures and received notification from the court that the failure to show cause would result in the dismissal of their cases with prejudice.[2]

IV.    Modifications to Philips' Proposed Order

The court will not enter Philips' proposed order, as drafted. Philips' proposed order would apply to 81 cases filed by 79 Litigating Plaintiffs.[3] Upon the court's independent review, there are three cases that will be the subject of separate discussions and opinions: (1) Hatzell, Civ. No. 24-533 (which has a pending transfer request); (2) Kramer and Langford, et al., Civ. No. 23-540

---

[2] To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is necessary in light of the clear language of this court's orders, the court concurs with Philips' analysis of the *Poulis* factors (ECF No. 3500 at 5-6) and finds the *Poulis* factors weigh heavily in favor of dismissal of each of these cases with prejudice.

[3] A few Litigating Plaintiffs filed multiple cases.

(*see* footnote 1); and (3) Papsun, Civ. No. 23-1211 (which has a pending remand motion).  The

remaining cases listed in Philips' proposed order will be dismissed with prejudice.

V.    Conclusion

For the reasons set forth above, Philips' motion to dismiss cases in which Litigating

Plaintiffs failed to comply with the DMO or show cause order will be granted in part, with

respect to the 78 cases listed in the accompanying order, and taken under advisement in part with

respect to Civ. Nos. 24-533, 23-540 and 23-1211.  The 78 cases will be dismissed with prejudice

for failure to comply with the DMO deadlines and failure to show good cause for the failure to

cure the deficiencies.

An appropriate order will be entered.

Dated:  October 3, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge